UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

- v. -                                                    10 Cr. 270 (DAB)

ROBERT MOFFAT, JR.,

                Defendant.

-------------------------------------------------------X

## REPLY SENTENCING MEMORANDUM ON BEHALF OF ROBERT MOFFAT, JR.

### INTRODUCTION

This Reply Memorandum is submitted in response to the Government's Sentencing Memorandum ("Government Memo."). For the reasons set forth below, as well as the reasons stated in our initial Sentencing Memorandum ("Initial Sentencing Memo."), we suggest that Robert Moffat, Jr. should be sentenced to a term of probation. Based on the particular offense conduct in this case, Mr. Moffat's personal history, and the significant punishment already sustained by Mr. Moffat, and in light of an agreed-upon sentencing guideline range of 0-6 months, a sentence of probation together with other conditions is sufficient, but not greater than necessary to serve the ends of justice.

### ARGUMENT

Bob Moffat improperly disclosed confidential information to Danielle Chiesi in breach of his obligation to IBM to maintain that information in confidence. That was wrong and is

1

something that Bob deeply regrets. But, in its Sentencing Memorandum, the Government unfairly and inappropriately seeks to portray Bob as reaping huge profits as a highly compensated corporate executive at the expense of shareholders. (Government Memo. at 2). That characterization is both unfair and irrelevant. Bob's compensation as a senior officer of IBM has nothing to do with the facts of this case. The Government has agreed that neither Bob nor anyone else realized any profits, or avoided any losses, as a result of his unlawful conduct, and it is beyond dispute that the very significant income that Bob earned as a senior officer at IBM stemmed from his extraordinary and honest work for the company, not illegal acts.

As set forth in the Presentence Report and in our Initial Sentencing Memorandum, Bob has had only one employer since graduating from college in 1978 – IBM. He started as an entry level employee and, through his efforts and accomplishments at the company, he worked his way up to a very senior, highly compensated position. As the letters previously submitted reflect, Bob Moffat devoted a lifetime of hard work to the well-being of IBM and its shareholders. He is someone who has spent his entire professional life focused on enhancing the economic success of one of the world's major corporations and, by all accounts, he was remarkably successful at this. The Government's characterization of Bob as an executive who earned substantial income at IBM without any concern for the shareholders is grossly unfair, completely irrelevant to this case, and should not factor into Your Honor's sentencing decision.

Bob has acknowledged in his guilty plea and in his letter to the Court (Initial Sentencing Memo., Appendix Tab 1) that he violated his duties to IBM by improperly disclosing confidential information to Ms. Chiesi. This conduct, however, occurred over a short time period, and stands in stark contrast to the way Bob conducted himself in his 30 years at IBM.

The Government also unfairly characterizes Bob's conduct in this case by surmising that his "crimes were surely committed out of arrogance and a misguided belief that he would never be caught." (Government Memo. at 4). Bob tells Your Honor in his letter that he still has difficulty coming to terms with why he disclosed material, non-public information to Ms. Chiesi, but it is clear that his conduct was not based on arrogance and, in addition, had nothing to do with monetary gain. As noted in his letter and in our Sentencing Memorandum, Bob states, "My actions were not driven by greed or the desire to profit by disclosing this information. In fact, I did not make any money as a result of what I did. In the end, I believe my actions stemmed from misplaced trust, letting 'my guard down' and a misguided desire to appear important and knowledgeable to show Ms. Chiesi that I was 'in the know' about important matters." *Id.*

The Government asks the Court to send Bob Moffat to jail for six months so that he receives significant punishment and to send a message to others that improper disclosure of confidential information by corporate insiders is serious. While we fully acknowledge the seriousness of this offense, the Government fails to acknowledge the tremendous penalties Bob has already sustained and will carry with him for the rest of his life as a result of his conviction in this case. He has pled guilty to felony charges. He has lost his employment at IBM, the only company he ever worked for. He has been vilified in press accounts and in internet blogging and commentary. His personal life has been the subject of media attention. He estimates that his resignation from IBM following his arrest will result in the loss of more than $65 million in future financial benefits. He is still a defendant in an SEC enforcement action predicated on the same conduct that led to his conviction in this case. His standing in the eyes of his wife, his children, his friends and his former co-workers at IBM had been diminished. His reputation as

3

an honest and honorable man, and responsible corporate executive, has been tarnished. This case has deeply affected him, his wife and his family, and changed his life in ways that can never be undone. All of this sends a loud and clear message to "executives and other employees at public companies who have access to Inside Information" (Government Memo. at 3) about the very significant consequences that flow from improper disclosure of such information.

The sentence we are asking Your Honor to consider would impose meaningful additional punishment beyond that which has already been visited on Bob, and would send a message that this case is a serious one. As we discuss in our Sentencing Memorandum, a sentence of probation is an onerous, meaningful and significant punishment. Additionally, if the Court were to reject our suggestion that a sentence of probation alone is sufficient, we have also suggested to Your Honor that the Court could condition a probationary sentence on a period of home detention and performance of community service.

Finally, as we note in our Sentencing Memorandum, the applicable Sentencing Guideline range in this case – 0-6 months – is the lowest possible range and almost always results in a defendant not being sent to prison. We respectfully suggest that the circumstances of this case simply do not warrant a sentence of imprisonment.

4

## CONCLUSION

Based on all of the considerations and facts set forth in our Initial Sentencing Memorandum, and in this Reply Memorandum, we ask Your Honor to recognize what an amazing man Bob Moffat is and weigh his lifetime of good character, hard work, family commitment and professional accomplishments against his short-lived illegal acts in this case. Taking into account all of the factors under Title 18, United States Code, Section 3553(a), a sentence of probation for Bob Moffat is sufficient and not greater than necessary to satisfy the requirements of justice in this case.

Dated: White Plains, New York
       August 30, 2010

Respectfully submitted,

**BRICCETTI, CALHOUN & LAWRENCE, LLP**

By: _____
Kerry A. Lawrence
81 Main Street, Suite 450
White Plains, NY  10601
(914) 946-5900
klawrence@bricallaw.com

**BINGHAM McCUTCHEN, LLP**

By: _____
Kenneth I. Schacter
399 Park Avenue
New York, NY  10022
(212) 705-7000
kenneth.schacter@bingham.com

*Attorneys for Defendant Robert Moffat, Jr.*

A/73482325.2